**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| **v.** § | **CRIMINAL NO. 6:15-CR-099-ADA** |
| § | |
| **ROBERT DWAIN MERRITT** § | |
| § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE ALAN D ALBRIGHT,
UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the Defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

**I. PROCEDURAL BACKGROUND**

The Defendant was convicted of Possession of Visual Depictions of Sexual Activities by Minors, in violation of 18 U.S.C. §§ 2252A(a)(5)(B), 2252A(b)(2), and 2256(8)(A). The Defendant was sentenced to term of one hundred twenty-one (121) months imprisonment, followed by a five (5) year term of supervised release; all sex offender conditions; pay $4,000.00 in restitution and a $100.00 special assessment. Defendant was released to supervision on January 9, 2024.

On January 28, 2025, the United States Probation Office filed a Petition for Warrant or

Summons for Offender Under Supervision, alleging the Defendant violated the terms of his supervision and seeking a show-cause hearing as to why the Defendant's supervision should not be revoked. The petition alleges the Defendant violated the terms of his supervision in the following instances:

> **Violation Number 1:** The defendant violated a special condition, in that, the defendant shall attend and participate in a sex offender treatment program operated by a Licensed Sex Offender Treatment Provider (LSOTP) and/or other sex offender treatment program provided by the probation officer. The defendant shall abide by all program rules, requirements and conditions of the sex offender treatment program.
>
> **Violation Number 2:** The defendant violated a special condition, that the defendant shall refrain from purchasing, possessing, or using any sexually stimulating or sexually oriented materials, including but not limited to written, audio and visual depictions, such as, pornographic books, magazines, photographs, films, videos, DVDS, computer programs, or any other media for portrayal of the same.
>
> **Violation Number 3:** The defendant violated a special condition, in that, the defendant shall not access the internet in any manner using any electronic device (computer, cellular telephone, etc.) at any location (including employment) without prior written approval of the probation officer. This includes subscribing to an internet service provider, bulletin board system, or using any other public or private computer network.
>
> **Violation Number 4:** The defendant violated a special condition, in that, the defendant associated with a child or children under the age of 18 without the presence and supervision of an adult specifically designated in writing by the probation officer.

On March 18, 2025, the Court held a hearing on the petition. At that hearing, Defendant plead TRUE as to violation numbers 1 and NO CONTEST as to violation numbers 2, 3 and 4. The petition contained a sufficient factual basis to support a plea of TRUE or NO CONTEST as to all violations.

## II. FINDINGS OF THE COURT

Based on the sworn statements of Defendant and other testimony at the hearing, the undersigned finds as follows:

1. The Defendant violated the conditions of his supervision as alleged in the petition.

2. The Defendant was competent to make the decision to enter a plea of TRUE as to the allegations underlying violation 1 and to enter a plea of NO CONTEST as to violation numbers 2 through 4.

3. The Defendant had both a factual and rational understanding of the proceedings against him.

4. The Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5. The Defendant was not under the influence of any drugs, alcohol, or medication that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6. The Defendant was sane and mentally competent to stand trial for these proceedings.

7. The Defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8. The Defendant received a copy of the petition naming him, and he either read it or had it read to him.

9. The Defendant understood the petition and the charges alleged against him.

10. The Defendant had a sufficient opportunity to discuss the petition and charges with his attorney.

11. The Defendant was satisfied with the job his attorney has done and had no complaints about his attorney.

12. The Defendant understood that he had the right to plead NOT TRUE and proceed with a hearing at which he could present evidence and cross-examine witnesses.

13. The Defendant freely, intelligently, and voluntarily entered his plea of TRUE to the allegations in violation 1, and his plea of NO CONTEST as to violation numbers 2 through 4.

14. The Defendant understood his statutory and constitutional rights and desired to waive them.

15. The petition contains a sufficient factual basis to support the Defendant's pleas of TRUE to violation number 1 and NO CONTEST to violation numbers 2 through 4.

## III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the Defendant's term of supervised release be revoked and that he be sentenced to nine (9) months imprisonment with credit for time served, with a term of five (5) years of supervised release to follow. The Court further **RECOMMENDS** that Defendant be placed in a Federal Bureau of Prisons location near Waco, Texas.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and

recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

    SIGNED this 18th day of March, 2025.

                                             DEREK T. GILLILAND
                                             UNITED STATES MAGISTRATE JUDGE